# UNIVERSITY OF THE DISTRICT OF COLUMBIA
## David A. Clarke School of Law

**Ann Bishop Richardson**
**Associate Dean for Academic Affairs**
4200 Connecticut Avenue, N.W.
Washington, D.C. 20008
(202) 274-7332
(202) 274-5583 (fax)

arichardson@udc.edu
http://www.law.udc.edu

April 21, 2006

Michael D. White, Esq.
Paul, Hastings, Janofsky & Walker, LLP
875 15th Street, N.W.
Washington, D.C. 20005

Dear Mr. White:

At its meeting on April 19, 2006, the faculty denied Nicole Di Lella's petition for plenary review of the February 27, 2006, decision of the Academic Standards Committee, thereby terminating the matter.

I trust you will notify Ms. Di Lella of the faculty's decision.

Sincerely,

Ann B. Richardson
Associate Dean for Academic Affairs

Sent via Facsimile and First Class Mail

FILED
APR 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Paul Hastings**
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W. • Washington, DC 20005
telephone 202 551 1700 • facsimile 202 551 1705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(202) 551-1835
paulmcdonald@paulhastings.com

September 5, 2006

Ann Bishop Richardson
Associate Dean for Academic Affairs
UDC David A. Clarke School of Law
4200 Connecticut Avenue, NW
Washington, DC 20008

Re:   Nicole Di Lella

Dear Dean Richardson:

On the advice of Elaine Gardner, Director of the Disability Rights Project of the Washington Lawyers' Committee for Civil Rights & Urban Affairs, I write on behalf of my client, Nicole Di Lella – with whom I believe you are familiar – to request a meeting to discuss a potential settlement of Ms. Di Lella's complaint of discrimination on the basis of disability against the UDC David A. Clarke School of Law. I believe that the proposed settlement, described below, is fair and reasonable, and it is my hope that we can resolve Ms. Di Lella's complaint without resort to administrative complaint, litigation, public records request and/or referral to the Accreditation Committee of the ABA Section of Legal Education & Admission to the Bar.

My review of information provided to me by Ms. Di Lella, and other, former students having physical and learning disabilities, suggests that the law school has failed to provide accommodations as required by law, and that such failure has placed students having disabilities at academic disadvantage, adversely affecting their academic performance. Indeed, in response to a recent Freedom of Information Act request filed by one former law school student, the law school admits that it has not developed plans mandated by the Americans with Disabilities Act: "in further response to your June 12, 2006, FOIA request for copies of the University's 'transition plan mandated by the Americans with Disabilities Act, Title 2, 28 CFR Part 35-150(d) and self-evaluation as required by the Americans with Disabilities Act' .... the documents requested can not be provided as they do not exist."

In another document that I have reviewed, a UDC administrator misconstrues the school's legal obligation to students having disabilities, suggesting that accommodations amount to, "preferential treatment [that] goes beyond the elimination of disadvantageous treatment mandated by federal law." The "elimination of disadvantageous treatment" certainly is the standard where gender or racial discrimination is implicated; but, in order for students having disabilities to have equal access, the law requires not just the absence of discriminatory treatment, but the presence of accommodations. More disturbing than this administrator's misunderstanding are her statements equating accommodations to the lowering of academic standards, and her inference that students having disabilities are a hindrance to the law school's achieving and maintaining full accreditation: "Producing graduates able to pass the bar exam on the first attempt is a factor critical for [the law school's] success in achieving full accreditation this year. Lowering its academic standards will destroy its chance for accreditation."

FILED APR 2 4 2007 NANCY MAYER WHITTINGTON U.S. DISTRICT COURT, CLERK

**Paul**Hastings
ATTORNEYS

Ann Bishop Richardson
September 5, 2006
Page 2

      With specific regard to Ms. Di Lella, as you know, her learning disability requires her to utilize certain study methods and materials, notes provided by the law school, and additional time to complete assignments. But, as you also know, Ms. Di Lella did not consistently receive such accommodations and/or consideration from the law school and/or law professors. Making matters worse, in an episode that set into motion unfortunate events, the law school reneged on a 3-day extension granted Ms. Di Lella to permit her to make the proper arrangements to deliver her final exam, which extension had been granted in response to her family emergency. Ms. Di Lella received notice that this extension had been withdrawn while she was out-of-town attending to her family emergency. At that time, Ms. Di Lella asked a friend to print and deliver the contents of a computer file, which Ms. Di Lella believed to contain her final exam. Unfortunately, the print out delivered by Ms. Di Lella's friend to the professor consisted of entirely unrelated, personal research and study notes on a separate subject matter, including a practice exercise of a previously administered exam from two years prior, made available in the law school library for use as a study aid. The professor clearly recognized this submission had been mistaken. But the professor at no time disclosed this to Ms. Di Lella (and, in fact, the professor did not respond to Ms. Di Lella's inquiries seeking to confirm the professor's receipt of Ms. Di Lella's answers, and the date by which the professor expected to report a grade to the registrar). Instead, the professor accused Ms. Di Lella of plagiarism, suggesting at least insensitivity, and perhaps hostility, to Ms. Di Lella's disability and her reasonable explanation for the mistaken submission.

      It is clear that study aids have legitimate utility as a learning aid for a student having a disability and, in fact, are regularly used by students who do not have a learning disability. It is also clear that no one intentionally submits study aids for a prior exam in response to an entirely separate, unrelated and assigned current exam, especially when the study aids are not responsive to the questions posed on the current exam. Still, the Academic Standards Committee sustained the professor's complaint and suspended Ms. Di Lella. This suspension besmirches Ms. Di Lella's record with an unjust indictment of her character, which has already prevented her from completing her law degree at UDC, or completing her education elsewhere, and has delayed her pursuit of a career and constrained her career and earnings opportunities. The entire circumstance, as I am sure you can understand, has caused her, and continues to cause her, great emotional distress. The longer this unjust suspension remains on Ms. Di Lella's record, the greater, and more permanent, the repercussions and damages to her.

      My proposal to settle Ms. Di Lella's complaint is four-fold: (1) to have the suspension expunged from Ms. Di Lella's record, including the sending of a corrective notice to any institution or employer that has been informed of the suspension, indicating that the finding against her has been appealed and overturned; (2) to have the class and grade affected by the mistaken submission, and the subject of the suspension, removed from her transcript; and (3) to refund her costs for the academic year(s) affected by the law school's failure to provide accommodations to her; and (4) to reinstate her so that she may complete her degree. If the law school were to agree to such conditions, Ms. Di Lella may agree not to participate, either individually or as part of a group, in any public statements, administrative complaint, litigation, public records request and/or referral to the Accreditation Committee of the ABA Section of Legal Education & Admission to the Bar – provided, of course, that, in the future, the law school provides Ms. Di Lella with all appropriate and required accommodations.

**Paul**Hastings
ATTORNEYS

Ann Bishop Richardson
September 5, 2006
Page 3

      Please let me know your availability to discuss. It is my hope that we can resolve this matter and permit Ms. Di Lella to move on beyond this.

Best regards,

*[signature]*

Paul L. McDonald
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:    Elaine Gardner

## McDonald, Paul L.

**From:** Alexander, Robin C. [ralexander@udc.edu]
**Sent:** Monday, October 23, 2006 4:36 PM
**To:** McDonald, Paul L.
**Cc:** Richardson, Ann; Broderick, Shelley; Washington, Janice
**Subject:** Nicole diLella

Mr. McDonald:

I will respond to your letter requesting a meeting after I have discussed it with the deans at the law school. The only information I have about your client relates to an honor code violation. I have n information about this failure to accommodate a disability claim that you assert. Meeting with the deans has been problematic, not only because of my schedule and Dean Broderick's, but because of Ann Richardson's illness, a recent brief illness of my own and some renovations going on around here. It will probably be next week before I can schedule a meeting with you.

*Robin C. Alexander*
University General Counsel
University of the District of Columbia
4200 Connecticut Avenue, N.W.
Washington, DC  20008
202.274.5400 *voice*
202.274.5320 *fax*
ralexander@udc.edu

The information contained in this transmission may contain privileged and confidential information and is intended only for the use of the person(s) named above. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender immediately by reply e-mail and destroy all copies of the original message. Thank you.



3/28/2007

## McDonald, Paul L.

**From:** McDonald, Paul L.
**Sent:** Monday, December 04, 2006 12:11 PM
**To:** 'cmartin@udc.edu'
**Cc:** 'ralexander@udc.edu'; 'sbroderick@udc.edu'; 'arichardson@udc.edu'; 'jwashington@udc.edu'
**Subject:** Nicole Di Lella

Ms. Martin:

I apologize for the delay in returning your phone call. Activities in, and out, of the office around Thanksgiving, and in its aftermath, have been especially hectic.

You have indicated that the FOIA request that I filed on behalf of Ms. Di Lella requires further clarification before it can be processed. **Please let me know when you might be available to discuss on Thursday, Dec. 7th, or Friday, Dec. 8th.**

In advance of our call, please let me know which request(s) you believe requires further clarification, including the specific question(s) related to each such request. I believe our phone call will be more productive if I have the opportunity to consider your concerns in advance.

Thank you for your attention to this FOIA request.

---

Ms. Alexander:

In a related matter, please let me know when you have completed your internal review related to my September 5, 2006, letter to Dean Richardson, proposing a meeting to discuss a potential settlement of Ms. Di Lella's complaint of discrimination on the basis of disability against UDC Law, and if you are amenable to further discuss a resolution. If my letter, I stated: "I believe that the proposed settlement, described below, is fair and reasonable, and it is my hope that we can resolve Ms. Di Lella's complaint without resort to administrative complaint, litigation, public records request and/or referral to the Accreditation Committee of the ABA Section of Legal Education & Admission to the Bar." Notwithstanding the pending public records request, subsequently filed October 30th, I continue to believe that it is in our mutual best interests to timely resolve this matter with a global settlement of all outstanding issues - in Ms. Di Lella's interest, so that she can get on with her career and life without an academic record tainted by an unjust indictment of her character, and in UDC Law's interest so that it can be spared further scrutiny of its record on disability rights issues in the wake of the DC Office of Human Rights' July 26, 2006 Letter of Determination in Dennis O'Connor v. University of the District of Columbia.

For my client, there really is no option but to see this through because of the ongoing adverse impact to her career and life. It has already prevented her from completing her law degree at UDC, or completing her education elsewhere, and has delayed her pursuit of a career and constrained her career and earnings opportunities. The longer this remains unresolved, the greater and more permanent, the repercussions and damages to her.

---

Paul L. McDonald, Attorney | Paul, Hastings, Janofsky & Walker LLP | 875 Fifteenth Street, N.W., Washington, D.C. 20005 | direct: 202 551 1835 | main: 202 551 1700 | direct fax: 202 551 0235 | paulmcdonald@paulhastings.com | www.paulhastings.com

## McDonald, Paul L.

| | |
|---|---|
| **From:** | McDonald, Paul L. |
| **Sent:** | Monday, January 29, 2007 9:20 AM |
| **To:** | 'cmartin@udc.edu' |
| **Cc:** | 'ralexander@udc.edu'; 'sbroderick@udc.edu'; 'arichardson@udc.edu'; 'jwashington@udc.edu'; 'elaine_gardner@washlaw.org' |
| **Subject:** | Re: Nicole Di Lella |
| **Importance:** | High |
| **Attachments:** | Nicole Di Lella Potential Settlement Letter.pdf |

Good morning. Hope you had a good weekend.

Please let me know where we stand on the production of the documents responsive to the FOIA request. (by the way, you are correct that information on sign-language interpreters at graduation is not what I had in mind!) If you do not believe all responsive documents will be ready of production by the end of this week, let's discuss a rolling production - in other words, production of what has been compiled thus far now, with further production of documents on a schedule as they are compiled.

---

Ms. Alexander:

Again, please let me know if you are amenable to discuss a resolution of Ms. Di Lella's complaint of discrimination on the basis of disability against UDC Law - or not. In my September 5, 2006, letter to Dean Richardson, I stated: "I believe that the proposed settlement, described below, is fair and reasonable, and it is my hope that we can resolve Ms. Di Lella's complaint without resort to administrative complaint, litigation, public records request and/or referral to the Accreditation Committee of the ABA Section of Legal Education & Admission to the Bar." Notwithstanding the pending public records request, subsequently filed October 30th, I believe it is in our mutual best interests to resolve this matter with a global settlement of all outstanding issues - in Ms. Di Lella's interest, so that she can get on with her career and life without an academic record tainted by an unjust indictment of her character, and in UDC Law's interest so that it can be spared further scrutiny of its record on disability rights issues in the wake of the DC Office of Human Rights' July 26, 2006 Letter of Determination in Dennis O'Connor v. University of the District of Columbia.

That said, it has now been almost five months since my September 5, 2006, letter to Dean Richardson, and UDC Law has yet to express any real interest in discussing a resolution. I have only heard from you once - your October 23, 2006, email to me in which you stated, "I will respond to your letter requesting a meeting after I have discussed it with the deans at the law school.... It will probably be next week before I can schedule a meeting with you."

If UDC Law is at all interested in discussing a resolution, let me know by this Friday, February 2nd, so we can schedule a meeting in early to mid-February. If I do not hear from you by then, I will assume that UDC Law's silence for the past five months indicates UDC Law's preference to address Ms. Di Lella's claims through litigation, and in the court of public opinion. The record will show that my client and I more than did our part to avoid such a public confrontation.

---

Paul L. McDonald, Attorney | Paul, Hastings, Janofsky & Walker LLP | 875 Fifteenth Street, N.W., Washington, D.C. 20005 | direct: 202 551 1835 | main: 202 551 1700 | direct fax: 202 551 0235 | paulmcdonald@paulhastings.com | www.paulhastings.com

# McDonald, Paul L.

| | |
|---|---|
| **From:** | McDonald, Paul L. |
| **Sent:** | Tuesday, February 27, 2007 8:38 PM |
| **To:** | 'ralexander@udc.edu' |
| **Cc:** | 'arichardson@udc.edu'; 'sbroderick@udc.edu'; 'jwashington@udc.edu' |
| **Subject:** | Nicole DiLella |
| **Attachments:** | Nicole DiLella Accommodation Request.pdf; Dean Richardson Disability Determination Re Nicole DiLella.pdf |

Ms. Alexander:

Thank you for taking my call this evening to briefly discuss my concerns regarding Ms. DiLella.

As I indicated, I believe the central issue is the law school's provision of note takers, and notes, as an accommodation for Ms. DiLella's documented, and qualifying, learning disability. As you know, Section VI(b) of Volume I of the Student Handbook states, *inter alia*, "It is the policy of the School of Law to ensure individualized opportunities for students with disabilities.... When documentation of a disability supports the need for note takers, [law school] staff and faculty will collaborate to arrange this accommodation ...." Ms. DiLella presented Dean Richardson with an Accommodation Request shortly after her enrollment as a first-year student, and after she had met with Dean Richardson. *See* Nicole DiLella letter to Dean Ann Richardson, Re: Accommodation Request, dated Sept. 9, 2003 (attached w/o internally referenced documents). In response, Dean Richardson acknowledged the existence of Ms. DiLella's learning disability, namely Reading Disorder, Disorder of Written Expression, ADHD, Predominantly Inattentive Type, and Scotopic Sensitivity, and stated: "Beginning with the fall, 2003, semester, the School of Law will provide the following accommodations: * You may have double time to complete examinations which will be administered to you in a separate, quiet testing room and extended time on written projects, when necessary and requested. * We will provide you with a notetaker...." *See* Dean Richardson letter to Nicole DiLella, Re: Disability Determination, dated Sept. 15, 2003 (attached w/o internally referenced documents).

But, according to Ms. DiLella, the law school failed to provide notes for certain of her classes, including Prof. Susan Waysdorf's Constitutional Law II class, and this failure to accommodate her disability put her at an academic disadvantage, adversely affected her academic performance, required her to improvise and attempt to substitute study aids for class notes, and, ultimately, precipitated the circumstances that led to her mistaken submission of study aids in response to a portion of the final exam in Prof. Waysdorf's Constitutional Law II class and to her suspension.

As we discussed, if you can provide me with evidence that the law school provided notes to Ms. DiLella for all of her classes, including Prof. Waysdorf's Constitutional Law II class, then that would be helpful to me in perhaps counseling Ms. DiLella against further steps toward litigation. If, however, there is no such evidence, and it appears that the law school failed to provide accommodations, then I believe the law school may face some legal exposure under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the DC Human Rights Act, and individual administrators and/or faculty may face some legal exposure under 42 U.S.C. 1983.

If the law school failed to provide notes at all relevant times, then I would hope you would reconsider our offer to resolve this matter without litigation through a combination of the following: (1) to have the suspension expunged from Ms. DiLella's record, including the sending of a corrective notice to any institution or employer that has been informed of the suspension, indicating that the finding against her has been appealed and overturned; (2) to have the class and grade affected by the mistaken submission, and the subject of the suspension, removed from her transcript; (3) to refund her costs for the academic year affected by the law school's failure to provide accommodations to her; and (4) to reinstate her so that she may complete her degree.

Even if you believe that there is evidence that the law school met its obligations to provide accommodations, I would appreciate it if you would give some consideration to removing the suspension from Ms. DiLella's record. While it may turn out to be the case that she received notes from the law school, and, with these notes, did not perform - and I will withhold judgment until you respond to my request for such evidence - I think it is clear that her submission of study aids in response to a portion of the final exam in Prof.

FILED
APR 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 0747

Waysdorf's Constitutional Law II class was mistaken, and not intentional, and should be punishable by the appropriate grading for incompletion, not an Honor Code violation which has already adversely affected her educational and career opportunities - and will continue to do so if allowed to stand.

Again, I appreciate your speaking with me this evening. While I know that you are busy, I would appreciate a response relatively soon before it is necessary to file a Complaint in the U.S.D.C for the District of Columbia to preserve Ms. DiLella's right to pursue all claims available to her.

Best regards,

_____

Paul L. McDonald, Attorney | Paul, Hastings, Janofsky & Walker LLP | 875 Fifteenth Street, N.W., Washington, D.C. 20005 | direct: 202 551 1835 | main: 202 551 1700 | direct fax: 202 551 0235 | paulmcdonald@paulhastings.com | www.paulhastings.com

3/28/2007

Dean Ann Richardson
Associate Dean, Academic Affairs
UDC - School of Law
4200 Connecticut Avenue
Washington, DC 20008

September 9, 2003

Re:         ACCOMMODATION REQUEST

Dear Dean Richardson;

        Per our meeting during the second week of orientation regarding my status as a classified student with LD and my accommodation needs at UDC School of Law, I am attaching three psychological/ educational evaluations for your review and consideration for accommodation. The two most recent were performed in 2001 by Dr. Sydnor - Greenberg and NJ Certified Learning Consultant, Nancy Thomas, for appeal to the LSAT for accommodation. The third evaluation is the original diagnosis received in 1993, while I was a junior in high school, performed by Donna Karanja. All three are original documents or only copies and therefore may be need to be duplicated at your discretion.

        As prescribed in the reports, I would like to request the following accommodations, in addition to accommodations that I have utilized with success in the past:

1.    Extended time on exams;

2.    Extended time on written projects, when necessary and requested;

3.    A separate, quite work room for exams;

4.    Timed breaks during exams when necessary and requested;

5.    A note taker for all class lectures;

6.    Additional learning supplements available to the school (i.e. - literature on audio/ video tape, voice to text computer software, transcriptions, teacher's notes or outlines)

7.    Any other provisions provided by the school that may be of benefit, as necessary (i.e. - tutoring, additional academic support, recent LD materials/ information/ groups that may be helpful in coping with and developing learning strategies, etc.)

Should you need additional information or should you have any questions or concerns regarding this request, please let me know at your soonest convenience so that I may be of timely assistance in the matter.

                                                          Sincerely,

03/31/2006  02:53   202-686-1103                THE CONSULATE                              PAGE   19

University of the District of Columbia

David A. Clarke School of Law

Ann Bishop Richardson
Associate Dean for Academic Affairs

4200 Connecticut Avenue, N.W.
Washington, D.C. 20008

Telephone: (202) 274-7345
  FAX: (202) 274-5583
  Email: arichardson@udc.edu



To:     Nicole Di Lella

From:   Ann Richardson

Re:     Disability Determination

September 15, 2003

    Please accept this letter as memorializing my verbal communication to you that it is the policy of the David A. Clarke School of Law to provide reasonable, appropriate, and effective accommodations for students with known, qualifying disabilities. Thus, the School of Law will change practices or procedures, or provide or modify devices, services, or facilities, in order to match the student with a particular program or activity at the school. However, the school is unable to provide accommodations that fundamentally alter the educational program, such as absence from a large number of classes or waiving attendance at required courses, nor can it provide retroactive accommodations.

    Within those parameters and based upon the documentation you have submitted, the School of Law has decided:

    <u>Existence of a Disability</u>: You have provided me with documentation from Dr. James M. Sydnor-Greenberg, Nancy Thomas, and Karen C. Romm that indicates the following diagnoses: Reading Disorder, Disorder of Written Expression, ADHD, Predominantly Inat6entive Type, and Scotopic Sensitivity and that these conditions may affect your academic performance.

    <u>Determination as to Accommodation</u>: Beginning with the fall, 2003, semester, the School of Law will provide the following accommodations:

- You may have double time to complete examinations which will be administered to you in a separate, quiet testing room and extended time on written projects, when necessary and requested.

- We will provide you with a notetaker. The School of Law's policy and procedures for notetakers is attached.

PAGE 19/22 * RCVD AT 3/31/2006 2:52:57 PM [Eastern Standard Time] * SVR:WDCRF1/2 * DNIS:9998 * CSID:202 686 1103 * DURATION (mm-ss):08-38

     For auxiliary aids such as adaptive materials and equipment, please contact the University of the District of Columbia's Division of Student Affairs, Services for Students with Disabilities. A brochure describing those services is attached. The Director of Academic Support is Professor Derek Alphran, and you should not hesitate to contact him for advise.

     <u>Joint Responsibility as to Accommodation</u>: Reasonable accommodation is a joint responsibility of the student and the School of Law. As part of your responsibility in this process, you must

     (A) Inform me in advance of upcoming examinations so arrangements for a separate administration can be made;

     (B) Consult with me periodically.

     <u>Future Review of Adequacy of Accommodation</u>: The accommodations indicated above reflect my determination based on information provided to date. If a change in circumstances occurs that indicates that the accommodation requires modification at some future date, please bring the matter to my attention for review.

     Please sign and date below to acknowledge receipt of this memorandum, and please keep a copy for your records.

     Welcome to the David A. Clarke School of Law.


_____
Nicole Di Lella


Date: _____


A Renewed University for A New Century
Excellence Through Service