UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE DI LELLA,<br><br>             Plaintiff,<br><br>     v.<br><br>UNIVERSITY OF THE DISTRICT OF<br>COLUMBIA DAVID A. CLARKE<br>SCHOOL OF LAW, et al.,<br><br>             Defendants. | Civil Action 07-00747 (HHK) |

**MEMORANDUM OPINION**

Before the Court is the motion to dismiss or, in the alternative, for a more definite statement, of the Board of Trustees of the University of the District of Columbia ("Board")[#21]. The Board is the entity this Court sua sponte substituted as the proper party defendant because the entity plaintiff sued in this action, the University of the District of Columbia, "may not be sued in its own name, D.C. Code § 38-1202.01(a)." *Di Lella v. Univ. of Dist. of Columbia David A. Clarke Sch. of Law*, 570 F. Supp. 2d 1, 1 n.1 (D.D.C. 2008). The Court acted sua sponte in view of plaintiff's pro se status. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be granted.

The Board asserts several grounds for the dismissal of this case but argues first that this case must be dismissed because plaintiff's complaint has not been properly served. Plaintiff does not meet the Board's argument squarely but, in effect, argues that here the lack of service is of no moment in view of the Board's actual notice of plaintiff's complaint against the University of the District of Columbia. Plaintiff is wrong. As the Board points out, in the absence of proper

service of process, a court is unable to exercise personal jurisdiction over a defendant. And such is so even if a defendant had actual notice. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (holding that if the defendant "was improperly served, the district court lacked jurisdiction over that defendant whether or not it had actual notice of the lawsuit").

At this point, it is appropriate to observe that it is not unusual for a plaintiff who has failed to effect service properly to move for an extension of time in which to do so. Had such a motion been filed, the Court would have applied Rule 6(b) of the Federal Rules of Civil Procedure, which provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

Significantly, as stated by the District of Columbia Circuit in *Smith v. District of Columbia*, 430 F.3d 450 (D.C. Cir. 2005), "[i]n the absence of any motion for an extension, the trial court ha[s] no basis on which to exercise its discretion." *Id.* at 457. In other words, where a party fails to move the Court, whether before or after the relevant deadline has passed, for an extension of time within which to make a filing, the Court may not entertain the relief that might have been sought by such a filing.

For the above stated reasons, the Board's motion to dismiss this action is granted. An

appropriate order accompanies this memorandum.

                                                Henry H. Kennedy, Jr.
                                                United States District Judge